UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

RICHARD CROWELL,

                    Plaintiff,                         Case No. 2:14-cv-151

v.                                        Honorable R. Allan Edgar

DAN GROTH et al.,

                    Defendants.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Groth, LaPlante and Stieve or his successor as Chief Medical Officer. The Court will serve the complaint against Defendant Falk.

## Factual Allegations

Plaintiff presently is incarcerated with the Michigan Department of Corrections at the Baraga Correctional Facility (AMF). Plaintiff sues the following AMF personnel: Mail Clerk Dan Groth, Grievance Coordinator Tom LaPlante, Nurse Practitioner Darek Falk and Chief Medical Officer Jeffrey Stieve.

Plaintiff alleges that three days after Defendant Groth mailed a civil rights complaint on behalf of Plaintiff, Defendant Groth "began a retaliation campaign" against Plaintiff by fabricating mail rejections and by taking and withholding Plaintiff's magazines. (Compl., docket #1, Page ID#4.) Specifically, Plaintiff alleges that on February 5, 2014, Defendant Groth rejected Plaintiff's personal correspondence and three court briefs from the Reverend Jimmy Sabin because the documents allegedly violated a "PPO placed on Rev. Sabin by mail clerks at Ionia Maximum facility." (Docket #1-1, Page ID#8. ) Plaintiff also alleges that on March 21, 2014, Defendant Groth rejected an article from the free press. Additionally, Defendant Groth delayed delivering his mail on February 11and March 22, 2014, and delayed delivering his periodicals on February 24, March 10 and March 17, 2014, although these items were all eventually delivered within days or weeks after the dates on which they were posted. (*See id.*) Finally, Plaintiff alleges that Defendant Groth took or destroyed magazines that Plaintiff should have received on April 7 and 14, 2014, and a catalog was "taken by the mailroom." (*See id*.) Plaintiff claims that Defendant Groth violated his First Amendment rights, 18 U.S.C. §§241 and 242, as well as the state constitution and MDOC policies and rules.

Plaintiff alleges that Defendant LaPlante wrongfully rejected his grievances on ten occasions, and then used the ten wrongfully rejected grievances to wrongfully place Plaintiff on

modified access.  Once Defendant LaPlante placed Plaintiff on modified access, Defendant LaPlante failed to respond to eight grievances.  Plaintiff claims that Defendant LaPlante's acts violated his rights under the First and Fourteenth Amendments, as well as state statutes, MDOC policies and rules and 18 U.S.C. §§ 241-242.

Plaintiff alleges that Defendant Falk has been his medical service provider since Plaintiff was transferred to AMF on October 10, 2013.  Plaintiff has the following chronic illnesses, all of which are painful, "(A) gastro-intestinal reflux disorder (GERD) complicated by hiatal hernia, (B) spinal stenosis, osteoarthritis, (C) irritable bowel syndrome, and (D) painful tumors on torso and left arm." (Docket #1-1, Page ID#10.)  Plaintiff alleges that from 2004 through 2013, his pain issues were successfully treated with "Ultram x2 x3 daily," alleviating about sixty percent of his pain.  (*Id.*) In April 2013 Plaintiff was taken off his successful pain regime.  After Plaintiff was transferred to AMF, Defendant Falk twice ordered pain medication, but then refused to treat Plaintiff's pain.  On June 10, 2014, Defendant Falk submitted a "pain request that came back for x1 x2 daily [Ultram] which is completely ineffective." (*Id.*)  Defendant Falk refuses "to appeal pain committee (Dr. Stieves) illogical pain recommendation." (*Id.* (verbatim))

Plaintiff alleges that he had taken Nexium for many years and it was 100% effective in relieving his painful GERD.  At some point, Plaintiff was taken off Nexium, but he successfully grieved the decision to take him off Nexium.  Plaintiff alleges that he was granted "permanent approval" to remain on Nexium.  (*Id.*)  However, in 2011, Plaintiff was again taken off Nexium and placed on another medication which was ineffective.  Plaintiff alleges that Defendant Falk "put in [an] off formulary request for Nexium, however when it was refused he did not appeal or do any

follow up." (*Id.*) Plaintiff alleges that Defendant Falk refused to order antacids which are somewhat effective for his pain.

Plaintiff alleges that he has had irritable bowel syndrome (IBS) for twenty years, which had been effectively treated with Metamucil.  At some point, he was taken off Metamucil. Plaintiff alleges that Defendant Falk has refused to treat his IBS causing Plaintiff pain and discomfort.

Plaintiff alleges that he has painful tumors that have been growing for twenty years. Plaintiff has repeatedly requested that the tumors be removed.  In 1999, three of Plaintiff's tumors were removed.

Plaintiff alleges that he has submitted dozens of health care kites since October, 2013, regarding his many medical conditions.  Plaintiff alleges that Defendant Falk violated his Eighth Amendment rights by refusing to properly treat his medical conditions, and as a result, he is in constant severe pain.

Plaintiff alleges that "although Dr. Jeffrey Stieve's name appears on [the] 6-19-14 pain management committee 'recommendation,' which is [the] sole basis of his involvement in this claim, Plaintiff [was] told [that] there is a new Chief Medical Officer."  Accordingly, Plaintiff sues Defendant Stieve or his successor.  Plaintiff alleges that on June 10, 2014, Defendant Falk submitted a pain managment committee request to have Plaintiff put back on a pain management regime. Defendant Falk listed the medications and dosages that Plaintiff had taken from 2004 to 2013, which were sixty percent effective in managing Plaintiff's pain.  Plaintiff alleges that his pain issues are well-documented with "numerous x-rays and an MRI in 2001." (*Id.* at Page ID#12.)   Plaintiff alleges that on June 19, 2014, Defendant Stieve responded to Defendant Falk's pain management

- 4 -

committee request recommending that Plaintiff be given "Tylenol, NSAIDS and 1 50 mg. ultram in the morning and evening." (*Id.*) Plaintiff alleges that "recommending NSAIDS for a patient with GERD is 'beyond' indifferent." (*Id.*) Plaintiff also alleges that "'any' doctor would know what little effect 1 50 mg of ultram (tramadol) would have on Plaintiff [with a] high level of pain." (*Id.*)

Plaintiff claims that Defendant Stieve was deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment.

As relief, Plaintiff seeks injunctive relief in the form of orders for medical treatment and monetary damages.

## **Discussion**

### I.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.    Defendant Groth

Plaintiff alleges Defendant Groth retaliated against him for filing a civil rights complaint by fabricating reasons to reject Plaintiff's mail and by taking and withholding Plaintiff's magazines. Additionally, Plaintiff alleges that Defendant Groth violated 18 U.S.C. §§ 241 and 242 as well as the state constitution and MDOC policies and rules.

1.    Retaliation

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of

ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

   The adverseness inquiry is an objective one, and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendants' conduct is "*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original).

   Under the causation element of a prisoner's prima facie case for retaliation, the subjective motivation of the decision-maker is at issue and the plaintiff must show that the decision was motivated, at least in part, by the plaintiff's protected activity. *Thaddeus-X*, 175 F.3d at 399. The Sixth Circuit has interpreted this inquiry to mean that a motivating factor is "essentially but-for cause without which the action being challenged simply would not have been taken." *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 400 (6th Cir. 2010) (quoting *Leonard v. Robinson*, 477 F.3d 347, 355 (6th Cir. 2007) and *Greene v. Barber*, 310 F.3d 889, 897 (6th Cir. 2002)). "Substantial case law from this circuit cautions about the permissibility of drawing an inference of causation from temporal proximity alone." *Vereecke*, 609 F.3d at 400; *see Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307, 321 (6th Cir. 2007) ("The law is clear that temporal proximity standing alone, is insufficient to establish a causal connection for a retaliation claim."). Moreover, "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004).

Plaintiff alleges that Defendant Groth rejected his mail and delayed delivery or failed to delivery Plaintiff's magazines in retaliation for Plaintiff filing a civil rights lawsuit.

The first *Thaddeus-X* requirement warrants little discussion; filing a civil rights lawsuit is protected conduct. *See Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002).  Whether Plaintiff has established the adverse action element is a more difficult question.  The lion's share of Plaintiff's allegations amount to little more than complaints about the speed with which Defendant Groth distributed Plaintiff's mail and periodicals over a three month period.  Only three items were not ultimately delivered to Plaintiff, two magazines and a catalog.  With respect to the magazines, although Plaintiff concludes that Defendant Groth took or destroyed them, he fails to set forth any factual allegations to substantiate this conclusion.  With respect to the catalog, Plaintiff alleges only that it was "taken by mailroom."  (Docket #1-1, Page ID#8.)  Additionally, with respect to his allegations that Defendant Groth purposely delayed delivering his mail, although Plaintiff tracks the date of mailing against the date of delivery, this tracking method fails to take into account the length of time an item might be in transit or how long it might take the prison mail room to process mail.  While Plaintiff may dislike having to wait for his periodicals to arrive, receiving them several days or even a few weeks after they were mailed is a *de minimis* deprivation at best.  *Thaddeus-X*, 175 F.3d at 398 (finding that certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations).  Defendant Groth's conduct does not amount to adverse action.

Even assuming Defendant Groth's conduct was adverse, Plaintiff has failed to sufficiently allege causation.  Plaintiff merely states that three days after Defendant Groth mailed a civil rights complaint on Plaintiff's behalf, Defendant Groth "began a retaliation campaign" against

Plaintiff.  (Compl., docket #1, Page ID#4.) Plaintiff sets forth no other allegations from which it

could be reasonably inferred that Defendant Groth's behavior was motived by Plaintiff's protected

conduct. Plaintiff relies solely on temporal proximity to establish the causal connection between his

protected conduct and the mail delivery issues.  Plaintiff's conclusory allegations are not sufficient

to support a retaliation claim against Defendant Groth.  *See Skinner*, 89 F. App'x at 580; *see also*

*Spearman v. Stoddard*, No. 1:09-cv-632, 2011 WL 4005376 (W.D. Mich. Sept. 8, 2011).

### 2.    18 U.S.C. §§ 241 and 242

The other federal laws cited by Plaintiff, which come from Title 18 of the United

States Code, define various criminal offenses.  *See, e.g.,* 18 U.S.C. § 241 (making it a crime to

conspire to "injure, oppress, threaten, or intimidate" a person in the exercise of their rights under the

Constitution or federal law); 18 U.S.C. § 242  (making it a crime for a state official to act willfully

and under color of law to deprive a person of rights protected by the Constitution).  These laws do

not provide for an independent cause of action.  *See United States v. Oguaju*, 76 F. App'x 579, 581

(6th Cir. 2003) (holding that the district court properly dismissed defendant's claim filed pursuant

to 18 U.S.C. §§ 241 and 242 because he had no private right of action under those criminal statutes).

Moreover, Plaintiff cannot compel the enforcement of criminal statutes against Defendants.  As a

private citizen, Plaintiff "'lacks a judicially cognizable interest in the prosecution or nonprosecution

of another.'"  *Diamond v. Charles*, 476 U.S. 54, 63 (1986) (quoting *Linda R.S. v. Richard D.*, 410

U. S. 614, 619 (1973)).

### 3.    State Constitution and MDOC Policies and Rules

Plaintiff alleges that Defendant Groth's conduct violated the state constitution and

MDOC policies and rules.  Section 1983 is addressed to remedying violations of federal law, not

state law.  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

Plaintiff's assertion that Defendant Groth violated state law therefore fails to state a claim under

§ 1983.  Additionally, Defendant Groth's alleged failure to comply with an administrative rule or

policy does not itself rise to the level of a constitutional violation.  *Laney v. Farley*, 501 F.3d 577,

581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of

Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at

*1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a

constitutional violation because policy directive does not create a protectible liberty interest).

   To the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over

a state-law claim against Defendant Groth, the Court declines to exercise jurisdiction.  In

determining whether to retain supplemental jurisdiction, "[a] district court should consider the

interests of judicial economy and the avoidance of multiplicity of litigation and balance those

interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994

F.2d 1178, 1182 (6th Cir. 1993).  Ordinarily, where a district court has exercised jurisdiction over

a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed

prior to trial, the court will dismiss the remaining state-law claims.  *Id.*  Dismissal, however, remains

"purely discretionary."  *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28

U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Here, the balance of the relevant considerations weighs against the continued exercise of

supplemental jurisdiction.  Accordingly, Plaintiff's state-law claims against Defendant Groth will

be dismissed without prejudice.

B.      Defendant LaPlante

Plaintiff alleges that Defendant LaPlante retaliated against him for writing grievances by wrongfully rejecting his grievances and wrongfully placing Plaintiff on modified access.  Plaintiff alleges that Defendant LaPlante's conduct violated his rights under the First and Fourteenth Amendments, 18 U.S.C. §§ 241 and 242, state statutes and MDOC policies and rules.

The Sixth Circuit repeatedly has held that placement on modified access does not constitute an adverse action for purposes of a retaliation claim.  *See, e.g., Jackson v. Madery*, 158 F. App'x 656, 660 (6th Cir. 2005) (per curiam); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 446 (6th Cir. 2005).  Placement on modified access did not prevent Plaintiff from accessing the grievance process, rather  modified access simply enabled Defendant LaPlante to screen Plaintiff's grievances prior to filing to determine whether they were grievable, non-frivolous, and non-duplicative.  *See* Mich. Dep't of Corr. Policy Directive 03.02.130(II)(PP).

To the extent Defendant LaPlante rejected or ignored Plaintiff's grievances, Plaintiff has no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure.  *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).  Michigan law does not create a liberty interest in the grievance procedure.  *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001);

*Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994).  Because Plaintiff has no liberty interest in the grievance process, Defendant LaPlante's conduct did not deprive him of due process.

      To the extent Plaintiff seeks relief against Defendant LaPlante for alleged violations of 18 U.S.C. §§ 241 and 242, or violations of state law or MDOC policies and rules, as thoroughly discussed above, Plaintiff fails to state a claim under federal law.  To the extent Plaintiff seeks relief under state law, the Court declines to exercise supplemental jurisdiction over such a claim.  As explained above, ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims.  *Landefeld* , 994 F.2d at 1182.

      C.      Defendants Falk and Stieve

      Plaintiff alleges that Defendant Falk improperly treated or failed to treat his illnesses and his pain in violation of his rights under the Eighth Amendment.  Additionally, Plaintiff alleges that Defendant Stieve was deliberately indifferent to his medical needs when he approved only a partial restoration of the pain management regime requested by Defendant Falk.  Plaintiff alleges that Defendant Stieves's recommendations reflect deliberate indifference to his medical needs.

      At this juncture in the proceedings, Plaintiff's allegations warrant service of his Eighth Amendment claims against Defendants Falk and Stieve.

## Conclusion

      Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Groth and LaPlante will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve

the complaint against Defendants Falk and Stieve. Additionally, to the extent Plaintiff raises any

state law claims against Defendants Groth and LaPlante, those claims will be dismissed without

prejudice.

An Order consistent with this Opinion will be entered.


Dated:  9/2/2014                                     /s/ R. Allan Edgar
                                       R. ALLAN EDGAR
                                       UNITED STATES DISTRICT JUDGE